## FISHER v. MOORE.

1. **Tender:** ADMISSION. A tender is an admission that the amount tendered is due, and that the plaintiff is entitled to recover at least that amount.

2. —— APPLICATION. When the plaintiff recovered judgment for a sum which, with costs, was less than the amount tendered, *held*, that it was the duty of the clerk, when requested by the defendant, to apply the surplus, after satisfying the judgment, to the payment of the costs; and an execution issued under such circumstances should be enjoined.

*Appeal from Mahaska District Court.*

TUESDAY, JUNE 20.

INJUNCTION.—The petition alleges that there were unsettled accounts between plaintiffs and defendant; that plaintiffs tendered to defendant $15.10, which was refused; that defendant afterwards brought suit before a justice, when the tender was kept good, and on the trial recovered judgment for $3.00, with $12.00 costs. From this judgment defendant (Moore) appealed to the District Court, where the same judgment was rendered; the tender being kept good by depositing with the clerk the money so in the hands of the justice. The clerk paid to Moore the judgment of $3.00, and offered to pay the costs from the money so in his hands, but the same was refused. It is also averred that the residue of said $15.10, after paying the judgment, $3.00, is in the hands of the clerk, to be paid in discharge of the costs as aforesaid; that plaintiff demanded of the clerk that he should pay off said costs with said money, which he refused to do; that Moore has caused an execution to issue on said judgment, which by the sheriff has been levied upon certain personal property, &c. It is then again averred that there is, and has been all the time, in the hands of the clerk, money (tendered and deposited as before stated) more than sufficient to meet and discharge said judgment, and that said judgment would have been paid if defendant had been willing to receive the same. The prayer is to enjoin said execution.

To this petition there was a demurrer, upon the general ground that no facts were stated entitling plaintiff to the

relief sought. The demurrer was sustained; the injunction dissolved; and the plaintiff appeals.

*Z. T. Fisher pro se.*

No appearance for appellee.

WRIGHT, Ch. J.—There is no appearance for appellee, and we are not advised upon what ground the court below sustained this demurrer. The proceedings seem to have been irregular from the beginning, and yet, as the case now stands, plaintiff is apparently entitled to the relief asked. Before the justice, as also in the District Court, Moore was entitled to recover at least the amount of the tender, but without costs: In other words, plaintiff was bound by his tender, and could not claim that he owed defendant less than the amount thereof. And regularly and strictly the court should have so found. This was not done, however, but, according to the bill, the plaintiff (Moore) recovered but $3.00, with costs, taxed at $12. The judgment being the same in the District Court, the costs of appeal were properly taxable against the party appealing. The money being all the time in the hands of the clerk, it was his duty to apply the same, when so directed and demanded by the party tendering and depositing the same, in discharge of the costs. And plaintiff should not be harassed and burdened with the costs and expenses of an execution after such directions, because the clerk and the party controlling the suit failed, neglected and refused to discharge their duties. See *Brayton* v. *County of Delaware*, 16 Iowa, 44; Rev., §§ 3934, 3625; *Freeman* v. *Fleming*, 5 Iowa, 460; *Johnson* v. *Triggs*, 4 G. Greene, 97; *Frink & Co.* v. *Coe* 4 Id., 555.

1. TENDER: admission.

2.——application.

Reversed.