Darland v. Wade.

## DARLAND v. WADE.

48 547
103 608

48 547
138 562

1. **Practice: AFFIDAVITS OF JURORS.** Affidavits of jurors may be received for the purpose of showing that the amount of the verdict was reached by dividing the sum of the amounts suggested by all the jurors by twelve.

2. ———: **REMITTITUR.** Where a quotient verdict was rendered it was *held* that the court was not authorized to accept a *remittitur* of all but the lowest amount which any juror was disposed to give, and render judgment for that amount.

*Appeal from Floyd Circuit Court.*

SATURDAY, JUNE 8.

ACTION for *crim. con.* Verdict and judgment for plaintiff.

Darland v. Wade.

Both parties appeal.   The facts of the case appear in the opinion.

*Starr, Patterson & Harrison*, for plaintiff.

*J. Evans Owens*, for defendant.

BECK, J.—I.   Upon the rendition of a verdict for two thousand three hundred dollars, defendant filed his motion to set it aside on the ground of misconduct of the jury in settling the amount under an agreement before entered into, to add together the amounts each juror should write upon a ballot, and divide the sum thus obtained by twelve.   Affidavits of seven or eight of the jurors, in support of the motion, were filed, and the court found thereon the facts as alleged in the motion, and that the jurors had agreed in advance to settle their verdict in the manner indicated.   The jurors, or some of them, filed other affidavits, contradicting to some extent their first statement, which, to our minds, greatly impair the credit to be given them.   But the Circuit Court had more complete information of the facts involved, of the character of the jurors, and the influence, if any, used to procure the conflicting statements, than we have, and was better able to decide according to the very right of the matter than we are.   The record before us so far supports the conclusion reached by the Circuit Court that we are not justified in disturbing it.

II.   But counsel for plaintiff contend that a verdict cannot be assailed in this manner and set aside for irregularities of

1. PRACTICE: affidavit of jurors.

the character disclosed, upon the affidavits of jurors.   But such practice must be considered settled by decisions of this court.   See *Wright v. Ill. & Miss. Telegraph Co.*, 20 Iowa, 195, which has been frequently followed and approved.

III.   The Circuit Court, having adjudged that the verdict was found in the manner above pointed out, held that a new

Darland v. Wade.

2. ——: ——; *remittitur.* trial would be granted unless plaintiff should enter a *remittitur* of the amount of the verdict above one hundred dollars, the sum which, it was shown, one juror wrote upon his ballot, all the other jurors writing on theirs two thousand five hundred dollars. The *remittitur* being entered, judgment was rendered for the sum of one hundred dollars. Plaintiff excepted to the decision upon the motion for a new trial, and defendant excepted to the order and permission to plaintiff to file a *remittitur*, and to the judgment. The plaintiff and defendant both assigned as error the order for the *remittitur*.

We know of no authority the court possessed to direct the *remittitur*, and to render judgment after it was entered. If the verdict was bad for the amount found, it was good for no amount. It cannot be claimed a verdict in the sum of one hundred dollars was returned by the jury. It is not the case of excessive damages which would authorize the court to require the plaintiff to take judgment for the true amount found by the court upon the evidence. We conclude, therefore, that the judgment of the court below ought to be

AFFIRMED ON PLAINTIFF'S APPEAL,
REVERSED ON DEFENDANT'S APPEAL.