Rainwater v. Hummell.

---

## RAINWATER v. HUMMELL.

1. **Tender**: ADMISSION OF LIABILITY. To make a tender of money to a claimant is an admission of liability to the amount of the tender. (See opinion for citations.)

2. ——: DEPOSIT IN BANK WITHOUT NOTICE. Where defendant tendered to plaintiff money which he was owing him, and plaintiff refused it, defendant was not discharged from liability by depositing the money in a bank to plaintiff's credit, without notifying him thereof until after the bank had failed.

3. ——: OF NO AVAIL IF NOT KEPT GOOD. One who makes a tender which is refused, and who fails to keep it good by bringing the money into court when sued on the demand, and refuses to pay the sum when afterwards demanded, loses the benefit of the tender.

*Appeal from Harrison District Court.*—HON. SCOTT M. LADD, Judge.

FILED, FEBRUARY 11, 1890.

ACTION against an administrator and the sureties on his bond, to recover the amount of a balance of the distributive share of an heir of the intestate, which the administrator was, by order of the court of probate, required to pay. The cause was tried to the court without a jury, and judgment rendered for plaintiff against the administrator, and for the sureties. The administrator appeals.

*Jos. H. Smith*, for appellant.

*John A. Berry*, for appellee.

BECK, J.—I. The defendants in their answer admit that the administrator was ordered by the court of probate, upon a report made by him, to pay to plaintiff the sum claimed in this action; that the administrator tendered to plaintiff the sum he was ordered to pay plaintiff, which was refused; and thereupon the administrator deposited the money in a bank, to the credit of plaintiff, notifying him thereof; and that the bank failed, and plaintiff lost his money, by reason of his failure to accept it when tendered. The plaintiff, in a reply, denies the allegations of the answer.

II. The evidence tends to establish the tender as pleaded by defendant. The court below, we infer, found that the tender was made. This

1. TENDER: admission of liability.

finding is sufficiently supported by the evidence; at least, is so supported that we cannot disturb it, as being against the evidence. The district court appears to have based its judgment upon this finding, as it rendered judgment against the administrator, and found for the sureties, concluding that defendant, by the tender, admitted the indebtedness, and that his sureties were not bound by that admission. The correctness of this conclusion as to the sureties cannot be questioned in this appeal, as plaintiff does not appeal, and the administrator has not attempted to make them parties to this appeal, if he could have done so. The conclusion of the district court that the effect of the tender was to establish the liability of the administrator cannot be doubted. *Babcock v. Harris*, 37 Iowa, 409; *Sheriff v. Hull*, 37 Iowa, 175; *Phelps v. Kathron*, 30 Iowa, 231; *Gray v. Graham*, 34 Iowa, 425.

III. The district court, we infer, found that plaintiff was not notified of the deposit of the money until after the failure of the bank; and that after

2. ——: deposit in bank without notice.

the tender, and before the failure of the bank, he demanded the money of defendant, who failed to pay it, and gave him no information of the deposit in the bank. There was evidence authorizing the court below to so find. We will presume that

it did in fact so find. Defendant was not authorized to deposit money in a bank to plaintiff's credit, without his knowledge or consent, and without notice to him of the fact, and thus relieve himself of liability to plaintiff. Surely, in the absence of notice of the deposit until after the bank failed, defendant is liable as though no deposit had been made. We do not determine that he would not have been liable had he given such notice to plaintiff before the failure of the bank; that question is not before us.

IV. This proceeding is brought and prosecuted under Code, section 2435, which is in this language: "If the executors fail to make payment of any kind in accordance with the order of the court, any person aggrieved by that failure may, on ten days' notice to the executors and their sureties, apply to the court for judgment against them on the bond of the executors. The court shall hear the application in a summary manner, and may render judgment against them on the bond for the amount of money directed to be paid, and costs, and issue execution against them therefor. If any of the obligors are not served, the same proceedings in relation to them may be had, with like effect as in an action by ordinary proceedings, under similar circumstances."

3. —: of no avail if not kept good.

Counsel for defendant insist that the case does not fall under this statute, for the reason that defendant did not fail to make the payment; that he did make a tender of the sum due plaintiff, who failed to receive his money because he failed to accept the tender. But the defendant, by failing to keep the tender good by bringing the money into court to be disposed of as the court should direct, or by failing to pay the money when demanded, lost the benefit of the tender, which had no other effect than to afford evidence establishing defendant's indebtedness by reason of his default. His plea of tender admitted his indebtedness, and that the money had not been paid. The court was authorized to find he had failed to obey the order for payment to

plaintiff, and upon such finding rightly rendered judgment against him, as authorized by the statute above quoted.

V. Counsel insist that the statute contemplates a judgment against the administrator and sureties, and the judgment is erroneous, in that it is not against the sureties as well as the administrator. But if this be an error, which we do not determine, it cannot be the ground of complaint of either plaintiff or defendant, for the sureties are not parties to this appeal. We could not reverse the cause, for the reason that the judgment does not run against them, and remand the case for another trial, in which the sureties could be held liable. These considerations lead us to the conclusion that the judgment of the district court ought to be                                                AFFIRMED.