## JOHN A. WAINWRIGHT v. WILLIAM T. SATTERFIELD, EXECUTOR.

### FILED OCTOBER 6, 1897.   No. 7455.

1. **Excessive Verdict: PREJUDICE OF JURY.**   The sole fact that a verdict for plaintiff was for $5 more than claimed by him in his petition does not justify the conclusion that the verdict is the result of the jury's passion or prejudice.

2. ——: ——: REMITTITUR.   The statute has not changed the common law rule that an excessive verdict might be cured by a remittitur, except in so far as to entirely vitiate such a verdict, when it is made to appear that it is the result of the jury's passion or prejudice.

3. ———: ———: ———. An excessive verdict in an action *ex contractu* may be cured by a remittitur, it not appearing that the verdict is the result of the jury's passion or prejudice.

ERROR from the district court of Sarpy county. Tried below before KEYSOR, J. *Affirmed.*

*George A. Magney* and *James Hassett*, for plaintiff in error.

*Martin Langdon, contra.*

RAGAN, C.

In the district court of Sarpy county, Satterfield, executor, sued Wainwright to recover a sum of money which the executor claimed Wainwright borrowed of his testatrix and which remained unpaid. The executor sued to recover the sum of $1,150, with seven per cent interest thereon from October 1, 1889. In addition to a general denial of the allegations of the petition of the executrix, Wainwright pleaded that he had borrowed of the testatrix $700, and no more, and that he had repaid that sum to the testatrix. The executor had a verdict and judgment, to reverse which Wainwright prosecutes here a petition in error.

1. The only assignment of error which we think deserves serious attention in this opinion is that the damages awarded the executor by the jury are "excessive, appearing to have been given under the influence of passion or prejudice," and for this reason the court below should have awarded the plaintiff a new trial. As already stated, the executor claimed in his petition $1,150, with seven per cent interest from October 1, 1889. The jury found that there was due to the executor the sum of $1,155, with seven per cent interest from October 1, 1889. In other words, the jury awarded the plaintiff below $5 more than he claimed in his petition, and the plaintiff in error insists that this action of the jury shows that it was influenced by passion or prejudice.

There is nothing in this record which tends to show that the finding of the jury is the result of passion or prejudice, unless we shall infer prejudice on the part of the jury from the simple fact that the verdict was $5 more than that claimed by the plaintiff. However, after an examination of this record we conclude that the amount of the verdict was not the result of passion or prejudice on the part of the jury, but resulted from a mistake or oversight. The witnesses for the executor testified that the amount which Wainwright had borrowed or owed the testatrix was $1,155, and the jury placed this sum in its verdict instead of the sum prayed for in the petition.

We do not think the facts in this case justify an inference of passion or prejudice on the part of the jury. When the attention of the district court was challenged to this excessive finding by Wainwright's motion for a new trial, it permitted the executor to remit the excess of $5 and interest, and thereupon overruled the motion for new trial and rendered a judgment for $1,150 and interest from October 1, 1889. The motion for a new trial here is based on subdivision 4, section 314, of the Code of Civil Procedure, which declares in effect that a verdict may be set aside and a new trial granted for "excessive damages appearing to have been given under the influence of passion or prejudice." At common law an excessive verdict might be cured by a remittitur. The statute has not changed this rule, except in so far as to entirely vitiate an excessive verdict when it was made to appear that such verdict was the result of passion or prejudice. It is the uniform holding of this court, even in actions *ex delicto*, that a verdict erroneous because of excessive damages awarded may be cured by a remittitur when it does not appear that such verdict was the result of passion or prejudice. (*Regier v. Shreck*, 47 Neb., 667, and cases there cited; *Fremont, E. & M. V. R. Co. v. French*, 48 Neb., 638.) The case at bar is an action *ex contractu*, and since it does not appear that the excessive finding of the jury was the result of its passion or prejudice, the remittitur entered

by the executor cured the defect in the verdict. (*Durrell v. Boyd*, 9 O. St., 72; *Doty v. Rigour*, 9 O. St., 526; *Lear v. McMillen*, 17 O. St., 464.)

Plaintiff in error makes complaint in his brief because of the action of the district court in admitting certain evidence. To set out this evidence here would subserve no useful purpose whatever. We have carefully examined the record and reached the conclusion that the court committed no error in that respect. Nor have we overlooked the suggestion of counsel that the court erred in one of the instructions given to the jury. We have examined the instruction and do not think the court erred in giving it. Nothing in the record calls for a reversal and the judgment of the district court is accordingly

AFFIRMED.