JOHN G. AHRENS, Appellant, v. ED FENTON and HATTIE
FENTON, Appellees.

**Attachments:** WRONGFUL ISSUANCE: MALICE. The suing out of an
1   attachment without reason to believe the ground stated therein
to be true tends to show malice; but malice is not to be in-
ferred from the mere finding that nothing was due the plaintiff
because of defendant's counterclaim.

**Exemplary damages:** NEW TRIAL. Although the evidence is suffi-
2   cient to sustain the allowance of exemplary damages, still, in
passing on a motion for a new trial on the ground that the
amount allowed is so excessive as to indicate passion and prej-
udice, the court may consider all the facts disclosed by the
evidence in determining whether the allowance is excessive.

**Same.** The allowance of exemplary damages is wholly within the
3   discretion of the jury, and the court is authorized to interfere
therewith only when the verdict is so excessive as to indicate
passion and prejudice; and when the court finds the allow-
ance to be grossly excessive the verdict should be set aside
and a new trial granted, and not reduced to the extent the
court may think it excessive.

**Tender:** PAYMENT INTO COURT: APPLICATION. A payment into court
4   by way of tender is not a waiver of defendant's right to recover
on his counterclaim; and where, after payment into court by
way of tender and before judgment, the plaintiff's claim is
extinguished by the allowance of defendant's counterclaim,
plaintiff is not entitled to judgment on the tender, but the
money tendered should be returned to defendant.

*Appeal from Boone District Court.*— HON. C. G. LEE,
Judge.

WEDNESDAY, MARCH 11, 1908.

REHEARING DENIED, MONDAY, JUNE 8, 1908

ACTION on a promissory note for $400, and for dam-
ages under a lease of farm land by plaintiff to defendant

Ed Fenton, in which plaintiff asked for an attachment against the property of defendant, and in pursuance of which there was a levy on said defendant's property, which was released by delivery bond. The defendants admitted liability on the note, denied breach of the provisions of the lease, and interposed a counterclaim for damages on the attachment bond on account of the wrongful and malicious suing out of the attachment. There was a verdict for defendant for $412, and it appears from answers to special interrogatories that in fixing this amount the jury allowed defendants $37 as actual damages, and $800 as exemplary damages, for the wrongful suing out of the attachment. After hearing argument on plaintiff's motion for new trial the court reduced the allowance of actual damages to defendants to $25, and the allowance of exemplary damages to $500, and entered judgment in defendants' favor for $100, dividing the costs equally between the parties and taxing in defendants' favor $100 as attorney fees on account of the wrongful attachment. Plaintiff appeals.— *Reserved.*

*D. G. Baker,* for appellant.

*Goodykoontz & Mahoney,* and *Geo. W. Crooks,* for appellees.

McCLAIN, J.— One of the grounds for new trial set up in plaintiff's motion was that the exemplary damages allowed by the jury were excessive, and that the verdict appeared on the face of the record to have been given under the influence of passion and prejudice. We think that on this ground at least the motion should have been sustained. There is slight evidence of malice aside from the mere fact that plaintiff made claim for a considerable sum on account of damages to the leased property by the defendant Ed Fenton in violation of the terms of his lease which was not allowed by the

1. ATTACHMENTS: wrongful issuance: malice.

jury. The defendants were, in fact, about to make sale of all the stock and personal property on the leased premises, with a view to removing from the State in the spring following the suing out of the attachment, which was in December, and they refused in any way to secure the payment of the indebtedness to plaintiff, which included the $400 note in suit, coming due on February 1st. The actual damages suffered by the defendant on account of the attachment was found by the jury to be $37, which amount the court subsequently reduced to $25 on the ground that the evidence did not justify the allowance of a larger amount by way of actual damages. Under these circumstances, conceding that the grounds for attachment alleged were not, in fact, true, and that plaintiff had no reasonable cause to believe them to be true, we think that the allowance of $800 by the jury by way of exemplary damages was so excessive and unreasonable as to show passion and prejudice. The fact of suing out the attachment without reason to believe the ground stated therein to be true would in itself tend to show malice. *Nordhaus v. Peterson,* 54 Iowa, 68; *Hurlbut v. Hardenbrook,* 85 Iowa, 606; *Wright v. Waddell,* 89 Iowa, 350. But malice is not to be inferred from the mere finding that nothing was due the plaintiff by reason of a counterclaim. *Smeaton v. Cole,* 120 Iowa, 368.

Conceding the sufficiency of the evidence to sustain the allowance of exemplary damages, the court still had the right to take into account the facts as disclosed by the evidence in determining whether an excessive amount by way of exemplary damages had been allowed. *Eastman v. Miller,* 113 Iowa, 404; *Sadler v. Bean,* 38 Iowa, 684; *Lowenthal v. Streng,* 90 Ill. 74.

2. EXEMPLARY DAMAGES: new trial.

The trial court evidently thought the verdict was the result of passion and prejudice, for it reduced the allowance of exemplary damages from $800 to $500. It is true that the reduction of the verdict so far as it involves actual dam-

ages does not necessarily show that the court regarded the

**3. SAME.** verdict as due to passion and prejudice. It may appear that the jury had misapprehended the evidence as to some element of actual damage, and a direction to the successful party to remit the excessive damage on the penalty of granting a new trial may properly be entered without finding that the entire verdict is the result of passion and prejudice. *Baxter v. Cedar Rapids,* 103 Iowa, 599; *Collins v. Council Bluffs,* 35 Iowa, 432; *Wainwright v. Satterfield,* 52 Neb. 403 (72 N. W. 359); *Schultz v. Chicago, M. & St. P. R. Co.,* 48 Wis. 375 (4 N. W. 399). But as the allowance of exemplary damages is wholly within the discretion of the jury in a case where there is a legal basis for the allowance of such damages (*Reizenstein v. Clark,* 104 Iowa, 287), the finding of the jury can only be interfered with on the ground of such error of judgment as to indicate passion and prejudice, and where the allowance is so grossly excessive under the evidence that it should not be allowed to stand, the verdict should be set aside. *Saunders v. Mullen,* 66 Iowa, 728; *Tynberg v. Cohen,* 76 Tex. 409 (13 S. W. 315). If the verdict is vitiated by improper conduct of the jury, it is vitiated as a whole, and not simply to the extent that the trial court may think it in excess of what should reasonably be allowed. *Darland v. Wade,* 48 Iowa, 547; *Lowenthal v. Streng,* 90 Ill. 74. The trial court should have sustained plaintiff's motion for new trial, and in rendering judgment against plaintiff for a portion of the amount found by the jury to be due by way of exemplary damages committed an error.

Appellant contends, however, that he was entitled in the lower court to judgment on tender of the amount of the note sued on, and that this tender waived any right to recover under the counterclaim. In the answer

**4. TENDER: payment into court: application.** setting up a counterclaim, which was filed after the note matured, the defendants admitted liability on the note, and pleaded a tender of the

amount due thereon, and paid into court the amount of the note, denying indebtedness to the plaintiff further than for the sum specified therein. The plea of tender in general admits plaintiff's right of recovery. *Phelps v. Kathron,* 30 Iowa, 231; *Rainwater v. Hummell,* 79 Iowa, 571. Even though the tender is not so made as to save the defendant from liability for costs, it may be sufficient to authorize judgment against the defendant for the amount tendered. *Denver, etc., R. Co. v. Harp,* 6 Colo. 420. In general money paid to the clerk by way of tender should be applied on the judgment recovered. *Fisher v. Moore,* 19 Iowa, 84; *Reed v. Armstrong,* 18 Ind. 446. And payment into court is payment to the plaintiff. *Gilpatrick v. Ricker,* 82 Me. 185 (19 Atl. 165). If the tender is not found sufficient, the court may render judgment against the defendant for the whole amount and costs, and defendant is entitled to credit thereon for the amount paid in. *Dakin v. Dunning,* 7 Hill (N. Y.) 30 (42 Am. Dec. 33). But we are cited to no case in which it is held that a tender of the indebtedness for which plaintiff sues precludes him from maintaining a counterclaim on a wholly independent cause of action.

In this case defendant need not have interposed his claim on the attachment bond by way of counterclaim in plaintiff's action, but he might have sued independently thereon. If after defeating plaintiff's action on the note by a tender, or satisfying the judgment recovered on the note and for breach of covenants in the lease by paying the balance of the judgment rendered against him in plaintiff's action, he had then brought action on the bond, it would have been no answer to such action that he might have interposed his claim in the original action by way of counterclaim, and thus have defeated recovery of any judgment by plaintiff. The tender was not of a balance of indebtedness, but specifically of the face of the note. If after paying into the hands of the clerk the money due on the note and before judgment, plaintiff's right of action had in some

way been satisfied and extinguished without the use of the money paid by way of tender, defendant would undoubtedly have been entitled to have back the money thus tendered. In effect this is what happened. Before the money was paid over to plaintiff, and before plaintiff had recovered a judgment therefor, plaintiff's right of action was extinguished by the finding of the jury that plaintiff was indebted to defendant on the counterclaim to a larger amount than defendant's indebtedness to plaintiff. After plaintiff's claim had been used to offset defendant's recovery on the counterclaim, plaintiff was no longer entitled to have the money turned over to him which was in the clerk's hands, and the court properly ordered the sum thus paid over to be returned to the defendant. The tender simply eliminated any question as to plaintiff's right to recover on the note, and left the other claims of the parties to be determined. *Wolmrstadt v. Jacobs,* 61 Iowa, 372. The plaintiff might no doubt at any time have taken judgment for the amount of the tender, but when such judgment was asked defendants might have dismissed their counterclaim, and instituted an independent action on the attachment bond. The tender did not therefore entitle plaintiff to a judgment without regard to the finding of the jury for defendants on their counterclaim and in extinguishment thereof.

For the reason pointed out in the first portion of this opinion, the judgment of the trial court is reversed, and the case is remanded for further proceedings.— *Reversed.*