ENTERPRISE PLANING MILL COMPANY, APPELLANT, V. METHODIST EPISCOPAL CHURCH OF STERLING ET AL., APPELLEES.

FILED JUNE 3, 1916. No. 18646.

1. Appeal in Equity: TRIAL DE NOVO: CONFLICTING EVIDENCE. On appeal in an equity case, this court tries the case *de novo;* but where the witnesses appear in person before the district court and their testimony is conflicting, the conclusions reached by that court as to the credibility of the testimony are entitled to consideration.

2. Liens: BURDEN OF PROOF. The burden of proof is upon one who seeks to establish an equitable lien on real estate to produce facts sufficient to authorize the interposition of a court of equity.

APPEAL from the district court for Johnson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*Boehmer & Boehmer* and *Hugh La Master,* for appellant.

*S. P. Davidson,* contra.

LETTON, J.

This is an action in equity for the purpose of establishing an equitable lien on certain church property in Sterling on the ground that the officers of the church induced plaintiff to refrain from filing a mechanic's lien by promising to pay the debt if such lien was not filed. It is also

alleged that by reason of the promise the lien was not filed, the time for filing has expired, defendant refuses to pay the debt, and that unless a lien is allowed plaintiff will lose the amount due. The vice-president of plaintiff corporation testified that a promise and agreement was made by two members of the building committee of the church that if he would not file a lien they would see the debt was paid or furnish security for its payment. That such a promise or agreement was ever made was denied by the men by whom it was said to be made, though the fact that they did not desire a lien filed and had so stated to the officer mentioned was admitted, and that he had requested payment or security. It is shown that the account was left with them in order to consult the third member of the committee, who was absent, and that six days before the time for filing the lien expired it was returned to the plaintiff with the words: "O. K. as to lien, but not as to amount due from L. A. Schlosser, contractor." This was signed "C. E. Zink, Stanley Ostrander, and E. Ross Hitchcock, Committee." The vice-president testifies that, when the paper thus indorsed was returned to Lincoln, he showed it to his partner, who said in effect that this made them safe now, and that this was his idea also, and therefore no lien was filed. The paper was received by plaintiff on the 7th of April, and the time for filing a lien expired on April 13.

The district court, which had the witnesses before it, found for the defendant. It evidently believed the testimony of the members of the committee that they refused to give security as requested and sent back the account marked "O. K. as to lien" to indicate they had no objections to a lien being filed, and that this was done promptly so as to allow the lien to be filed within the time allowed. It is clear from the testimony on behalf of plaintiff that, on account of a mistake being made by its officers as to the force of the memorandum written on the account, it failed to file a lien. No deceit or fraud is shown on the part of the committee. The church paid the contractor

more than was due him for labor and material before the account was presented to the committee. The committee then had no power to mortgage or bind the church property.

Plaintiff has not sustained the burden of proof as to the disputed fact. Under such circumstances there is no ground for the interposition of a court of equity. The conclusion reached by the district court was right under the proofs, and its judgment is

AFFIRMED.

MORRISSEY, C. J., and ROSE, J., dissenting.