MAHLON C. OTTO ET AL., APPELLANTS, V. GUNNARSON BROTHERS ET AL., APPELLEES.

FILED JUNE 26, 1918. No. 19905.

1. **Appeal in Equity:** CONFLICTING EVIDENCE: REVIEW. When, on the trial of a suit in equity the material issues are submitted on conflicting evidence, adduced orally before the trial court, and the court makes a personal examination of the property forming the basis of the litigation, this court will consider such circumstance in determining the issues.

2. **Evidence** found to support the judgment of the trial court.

APPEAL from the district court for Hamilton county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*Hainer, Craft & Edgerton,* for appellants.

*Roscoe R. Smith, T. J. Doyle* and *J. H. Grosvenor,* contra.

MORRISSEY, C. J.

Plaintiffs brought a suit in equity to cancel and annul a contract for the purchase of a farm tractor, and to recover back the purchase price. There was judgment for defendants, and plaintiffs appeal.

Plaintiffs allege that the tractor was warranted to do certain work, and that it failed to measure up to the warranty in several particulars. The answer sets up a written warranty and alleges it was the only one given. Several defenses of a more or less technical nature are set up, but we do not deem it necessary to go into the merits of these defenses and shall not enter upon their discussion. Ordinarily the questions of fact herein presented should be tried by a jury, but, because of the form of the action brought, plaintiffs forestalled the submission of these questions to a jury and they were tried to the court. No special findings were made, and the judgment entered is a general finding in favor of defendants.

The complaints made against the tractor are that it was faulty in construction; it did not develop sufficient horse-power; it consumed too much fuel; it was too difficult to start; and it did not do good work. Plaintiffs deny that they are bound by the strict letter of the written warranty given by the seller, but claim that the written warranty was supplemented by an oral agreement made by the local dealer.

Many citations of authority are given in support of their right to rely on the oral warranty, if one was given. Assuming that plaintiffs are correct in this, and also assuming that defendants waived the time within which to give notice of the defects, or of unsatisfactory work, we will consider the evidence in support of plaintiffs' allegations. On these points there is a sharp and decisive conflict in the testimony. A number of witnesses testify on either side of the controversy. According to plaintiffs' witnesses the engine failed miserably. Defendants, on the other hand, deny the making of the oral agreement, testify in detail as to what they claim the agreement was, and also offer testimony to show that the engine worked satisfactorily; that it was able to give, and did give, the service which might be expected and required under all the circumstances; and that there was no breach of warranty.

The witnesses testified in the presence of the trial judge. He made a personal inspection of the engine, saw it in operation, and had a better opportunity to determine the disputed questions of fact than we can have from the record before us. The case is here *de novo,* and we are free to pass an independent judgment on the evidence; but we do not find that the evidence preponderates in favor of plaintiffs, or that we ought to disturb the finding of the trial court, and the judgment is

AFFIRMED.

HAMER, J., not sitting.