BESSIE J. NEILSON, APPELLANT, V. CHARLES A. LEACH, APPELLEE.

1 N. W. (2d) 822

FILED JANUARY 9, 1942.   No. 31254.

*Fred T. Hanson,* for appellant.

*Butler, James & McCarl, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

This is an action by Bessie J. Neilson, plaintiff and appellant, against Charles A. Leach, defendant and appellee, for specific performance of a contract for the sale of real estate, in which action the defendant filed a cross-petition, seeking to recover back $300 paid by him at the time of the execution of the contract as part of the purchase price of the real estate in question.

Following this transaction the defendant failed and refused to perform the contract of purchase and the action indicated was commenced. The case was tried to the court and by decree specific performance was denied, and the defendant was given judgment for the amount as prayed by him in his cross-petition. From this decree and judgment the plaintiff has appealed.

The pertinent facts are the following: In September, 1924, Louis P. Neilson was the owner of a certain strip of real estate, 15 feet 9 inches in width, running 130 feet north and south across and near the center of lots 13, 14 and a part of lot 15, block 20, original town of McCook, Red Willow county, Nebraska. At the same time Charles D. Noble

owned a parallel strip, 20 feet in width, immediately to the west of the Neilson property, and also other property in the block. On September 10, 1924, an agreement was entered into between Neilson and Noble, whereby Neilson agreed to transfer by deed a parcel off the north end of his property, in dimensions 15 feet 9 inches east and west and 12 feet north and south, in consideration of being granted by Noble the privilege of sewerage across the property conveyed and other property owned by Noble in the block. On May 25, 1928, another agreement was entered into between the same parties. The second agreement had reference by specific recital to the first agreement, the real estate described therein and the consideration, and made provision for a contemplated party wall on the line between the two properties hereinbefore described. It also confirmed the right of Neilson to sewerage, and in addition granted an alleyway to him over the same property.

Later both Neilson and Noble died. The Neilson property passed to plaintiff here, and the Noble property came into the hands of the executors of his will.

On April 15, 1940, following a conversation between the defendant and John E. Kelley, real estate agent for plaintiff, the defendant agreed to purchase the Neilson property for $1,800 and he gave Kelley his check for $300. On April 16, 1940, Kelley gave defendant a receipt for the $300 on which receipt was noted the following: "15 ft. 9 in. by 130 feet part of lots 13 - 14 & 15 in blk. 20, O. T. McCook." Also on the receipt appeared the following: "Bal. $1,500 on execution of deed and approval of abst. within 6 days of furnishing same for examination." On April 17, 1940, the plaintiff executed a warranty deed to the property described in the receipt and delivered it and the abstract to the law firm of Cordeal, Colfer & Russell, as Kelley says, at the direction of the defendant.

On April 15, 1940, plaintiff executed a release of the agreements of September 10, 1924, and May 25, 1928, between Louis P. Neilson and Charles D. Noble, containing the provisions relating to sewerage and alleyway, and can-

celing the party wall agreement. In consideration of this release the executors of the estate of Charles D. Noble, deceased, on April 16, 1940, conveyed to plaintiff the small strip of ground which had been conveyed to Charles D. Noble as a part of the agreements of September 10, 1924, and May 25, 1928. This deed was placed of record on April 18, 1940.

The plaintiff urges as ground for reversal that the decree and judgment are contrary to the law and the evidence.

Briefly stated, plaintiff's right to have specific performance of the contract in question, if such right exists, must depend upon whether or not within the time provided by the contract she was able to and did tender conveyance of a merchantable title to the real estate which was within the contemplation of the parties when they entered into the contract.

That she was able to convey title to the full surface and bounds of the real estate is beyond question, but when the agreement was entered into there existed a party wall agreement which mutually attached to the west line of the property and to the east line of the property immediately adjacent to it on the west, also, at that time there existed an easement for sewerage and alleyway from the north end of this property to the east end of lot 15. After the execution of the agreement, and before the date for its consummation, the plaintiff had released the easement for sewerage and alleyway and also the obligation of the party wall agreement in so far as it attached to the property to the west, but did not obtain a release as against the property in question.

Were these easements valuable rights and appurtenances to which the defendant was entitled under his contract with the plaintiff? The defendant presented his defense on the theory that they were. While the finding of the district court is general it obviously held that the easements, or at least one of them, was a valuable right and an appurtenance to which defendant was entitled under the contract. This finding is supported by the facts and it responds to rules

of law as set forth in the decisions of this court. In *Smith v. Garbe*, 86 Neb. 91, 124 N. W. 921, the following is found: "Whether an easement in a given case is appurtenant or in gross is to be determined mainly by the nature of the right and the intention of the parties creating it. If it be in its nature an appropriate and useful adjunct of the land conveyed, having in view the intention of the grantee as to its use, and there being nothing to show that the parties intended it to be a mere personal right, it will be held to be an easement appurtenant to the land, and not an easement in gross." In *Ballinger v. Kinney*, 87 Neb. 342, 127 N. W. 239, it was held: "It will not be presumed that the grant of an easement is in gross when the right can fairly be construed as appurtenant to some other estate."

As one of the incidents of the contract a deed was executed to the property and placed in the hands of Carson Russell, the attorney, as Kelley says, designated by defendant to examine the abstract. This deed contained no reservation with reference to any of the easements in question. It follows then under the terms of the proposed deed that, had they not been released, they would have passed with the dominant tenement.

In *Agnew v. City of Pawnee City*, 79 Neb. 603, 113 N. W. 236, this court held: "An easement will pass by a deed or grant of conveyance, even if the word 'appurtenance,' or a similar expression, is not used in the instrument, if it is apparent to an ordinary observer, and naturally and necessarily belonged to the premises." Again in *Smith v. Garbe*, *supra*, it was held: "An easement appurtenant to land will pass by a conveyance, although the words 'with the appurtenances' are not used."

In the light of these decisions it seems clear that an ordinary observer could not escape the conclusion that at least the alleyway, which was the only avenue of approach to the rear of the premises, and the right to sewerage outlet, even if the property wall agreement did not, naturally belonged to these premises.

The evidence indicates that the defendant knew of the

easements at the time of the execution of the contract. There also is evidence on the part of plaintiff which indicates that their release was discussed by defendant and Kelley. Defendant denies that any such discussion took place. The trial court resolved this question of fact in favor of the defendant. In this we think the court was right. It is difficult to believe that a prospective purchaser of real estate would consent to or acquiesce in the release of convenient and in fact reasonably necessary appurtenances of real estate he was seeking to purchase. In any event this is evidence on a material issue so conflicting that it cannot be reconciled. In these circumstances, this being an appeal in equity, this court will take into consideration that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the other. *Hole v. Hamp,* 134 Neb. 259, 278 N. W. 480; *Robinson v. Williams,* 136 Neb. 253, 285 N. W. 574.

The defendant was entitled under his contract to a deed conveying title to the real estate with all appurtenances which were thereunto belonging at the time the contract was entered into. This the plaintiff was never able to give. It follows that the decree of the district court was correct. The plaintiff not being able to convey the title that the contract required of her, the defendant was entitled to a judgment against the plaintiff for the $300 he had paid as down payment on the contract of purchase.

The decree and judgment of the district court are

AFFIRMED.