D. VAN DONSELAAR, APPELLEE, v. B. F. CONKEY, APPELLANT.

128 N. W. 2d 390

Filed May 22, 1964. No. 35657.

Richard E. Twohig, for appellant.

D. Van Donselaar and Mark J. Ryan, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

MESSMORE, J.

This is an action brought by D. Van Donselaar, plaintiff, against B. F. Conkey, defendant. The purpose of the action was to enjoin the defendant from trespassing upon the land of the plaintiff and destroying the plaintiff's property. The trial court found generally for the plaintiff and against the defendant; that the plaintiff was the owner of the real estate described in his petition; that the survey made by Leonard Leise correctly reestablished the original Luce survey; and that the corners and lines relocated by Leise were the true lines and monuments marking the boundaries of the plaintiff's property. The trial court permanently enjoined the defendant from trespassing upon the land owned by the plaintiff and from interfering with the plaintiff's peaceful possession of the premises.

The defendant filed a motion complaining of the trial court's decision, stating that the facts did not support the trial court's judgment, but made no request for a new trial. The defendant then filed a motion entitled "Motion and Request to Reopen" the case, to allow the defendant to present evidence that was not available at the time of trial. The trial court considered the motions as a motion for a new trial, and overruled the motion. The defendant appealed.

This is not a case to quiet title, nor is it a case where adverse possession is involved. The case primarily involves the question of whether or not the defendant trespassed upon the land of the plaintiff.

Without detailing the property shown to be owned by the plaintiff as set forth in the petition, we do make reference to exhibit No. 1, the Luce survey, which both parties agreed was the proper survey to be followed in this case. The Luce survey, insofar as this case is

concerned, commenced at a point "G" on the old high bank of the Missouri River and proceeded east a distance of 1,360.4 feet, thence 1,320 feet due north, thence 1,090 feet due east, thence 1,320 feet due north, thence angled northeast a distance of 1,805 feet, thence east 2,110 feet to the west chute of the Missouri River. The above represents the west line of the Luce survey, and the trespass charged in the plaintiff's petition concerned the south line of Section 17, being a distance of 1,090 feet, and the line from the east corner of Section 17 to the point where the line proceeds diagonally north 43 degrees and no minutes east.

The plaintiff testified that the ownership of the land by him was confirmed by the district court for Dakota County in 1941, by a judgment dated January 6, 1941. This case was appealed to the Supreme Court. The judgment of the district court was affirmed. The case mentioned is Conkey v. Knudsen, 143 Neb. 5, 8 N. W. 2d 538.

A separate survey of this land was made by William H. Luce, the same engineer who made the survey in the case litigated in the district court in 1941.

In the spring of 1943, after the judgment of the district court had been affirmed by the Supreme Court, the plaintiff acquired the land in question from J. P. Goodfellow. The plaintiff and P. F. Verzani of Ponca, Nebraska, who also purchased a part of the land from J. P. Goodfellow, employed Luce to rerun and confirm the west line of his original survey, and at that time the plaintiff and Verzani erected a fence in accordance with the lines of the survey as made by Luce. This fence was maintained on the lines found by Luce's survey at all times since, except in 1952 when a flood washed out a part of it, but it was subsequently rebuilt in accordance with the Luce survey.

Prior to the time the instant suit was commenced, the defendant removed a part of the north-south fence and a part of the east-west fence. The defendant knew about

these fences when they were built and made no objection at that time and no claim that they were not on the true line of the Luce survey.

The foregoing testimony is corroborated by the witness P. F. Verzani.

The defendant's testimony shows that he did trespass on the lands of the plaintiff south of the south line of Section 17. The defendant was asked: "Q And have you tried to crop this land part of the time? A Yes, I have been cultivating it on the south of Section 17. I had it in corn last year and I disc the ground and listed it in and I didn't get to pick it. Somebody picked it for me."

The defendant admitted that he took out and interfered with fences built by the plaintiff, and did not know whether the fences were on the Luce survey or not. However, the defendant did claim that the fence was not establishd on the true lines of the Luce survey, which caused the difficulty in this case.

There was a survey made by Leonard J. Leise, the county surveyor for Cedar and Dixon Counties, on May 29, 1963, which reestablished the Luce survey and established that the plaintiff's fences were on the line of the original Luce survey. The Leise survey did vary slightly from the Luce survey, but the variation was in favor of the defendant.

The evidence further discloses that the area surveyed is low and swampy and there is a considerable amount of shrubbery and trees, consequently it would not be unusual that two surveys run on the same line might vary a foot or two. Surveyor Leise found the original corner markings on the original Luce survey, with the exception of point "G" which had been obliterated by the grading done on the bank.

Verzani and the plaintiff, and others, accompanied Leise on his survey work, and both of them verify his findings and that the fence line was on the line of the Luce survey.

The following are applicable to the instant case.

In Hagadone v. Dawson County Irr. Co., 136 Neb. 258, 285 N. W. 600, this court said: "The owner of real estate has the legal right to use and operate such land free from repeated acts of trespass, and an injunction will issue to restrain such acts, especially where committed under a claim which indicates that the trespass will be continued."

"Equity will afford relief by the process of injunction against repeated acts of trespass, especially where committed under a claim which indicates a continuous and constant repetition of it." Hackney v. McIninch, 79 Neb. 128, 112 N. W. 296. See, also, Standard Oil Co. v. O'Hare, 122 Neb. 89, 239 N. W. 467.

The evidence in the instant case is conflicting on material issues and cannot be reconciled. In these circumstances, this being an appeal in equity, this court will take into consideration that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the other. See Neilson v. Leach, 140 Neb. 764, 1 N. W. 2d 822.

From a review of the record, we conclude that the judgment of the trial court should be, and is hereby, affirmed.

AFFIRMED.