## Poterie Gas Company, Appellant, *v.* Poterie.

[Marked to be reported.]

*Oil lease—Forfeiture—Preliminary injunction.*

A preliminary injunction will be awarded and continued against a lessor in a mining lease, who has re-entered upon the demised premises, to restrain him from continued interference with the premises, where it appears that the re-entry was made in the assertion of a disputed claim that the lessee had forfeited his rights under the lease, and the lessor's right is disputed on every ground on which he put it.

Argued Oct. 10, 1892.    Appeal, No. 103, Oct. T., 1892, by plaintiff, from decree of C. P. Armstrong Co., March T., 1892, No. 290, refusing to continue preliminary injunction against defendant, Geo. Poterie.    Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Bill to restrain interference with leasehold premises.

From the bill, answer and proofs, it appeared that defendant was the owner in fee of a parcel of land in Gilpin township, and that, in 1890, in order to develop the oil and gas in his land he took preliminary steps to organize a company, and obtained subscriptions of stock to the amount of $3,000.    The subscriptions were based upon the condition that defendant would lease five acres of his land to the proposed company for the period of five years for oil and gas purposes.    Defendant was to furnish boiler, engine and fuel, and to give his personal attention to the drilling of the first well.    The consideration to defendant was that the company should pay him one third of all profits realized from oil or gas found on the said five acres. The company was organized, and on Nov. 1, 1890, defendant leased to the company the said five acres of land for the term of five years for the annual rental of one dollar and other considerations, with a covenant in the lease entitling the lessor, for a breach of any of the covenants therein contained, to immediately re-enter and repossess the premises.

A well was drilled upon the premises, and a good supply of gas obtained, which gas was marketed by the company.    On Jan. 2, 1892, defendant, alleging that he had not been paid the one third of the profits of the gas from the well, re-entered and repossessed himself of the land and disconnected the well from a pipe line by which plaintiff was supplying a customer.

Plaintiffs averred in their bill and affidavits that they had purchased rights of defendant to the profits in the well for the sum of $2,500, and had tendered to him the purchase money, and were ready and willing to complete the purchase by paying the money agreed upon.    Defendant in his answer and affidavits denied that any such agreement was ever made.

Plaintiffs also claimed that no profits had been realized, that the profits were not rent for the nonpayment of which the lease

could be forfeited, and that defendant owed the company for gas furnished to himself.

The court, on hearing, entered a decree, dissolving the preliminary injunction, in an opinion by RAYBURN, P. J.

·*Error assigned* was decree, quoting it.

*John W. Reed*, with him *C. S. Crawford*, *Orr Buffiington* and *W. D. Patton*, for appellant.—Where lessor, in assertion of disputed claim that lessee has forfeited his rights as such, has entered upon demised land and interfered with the works, equity will restrain continuance of such interference by preliminary injunction without regard to merits of the case : Cooke v. Boynton, 135 Pa. 102 ; Easton etc. Pass. Ry. Co. v. Easton, 133 Pa. 505.

The profits were not rent, the only rent reserved being one dollar, as shown by the lease. The lease contains no covenant for payment of rent at any stated time, nor method for ascertaining the profits and adjusting accounts with defendant, who is company's debtor for a large amount of gas, and it could not be known who was indebted to the other.

The only evidence in the matter showed no profits realized, and defendant did not attempt to show there had been ; at best, there was an unsettled account between them as to profits and the amount due for gas furnished defendant, and in no event could there be other than the balance of this account due from one of them to the other.

*A. L. Large*, *M. F. Leason* with him, for appellee.—Defendant had a clear right to take possession for failure to pay rent due. A forfeiture clause in a lease is made for the benefit and protection of the lessor, and it is at his option to assert it or continue the lease : Jones v. N. Gas Co., 146 Pa. 204 ; Ogden v. Hatry, 145 Pa. 640 ; Wills v. N. Gas Co., 130 Pa. 222 ; Agerter v. Vandergrift, 138 Pa. 593 ; Ray v. N. Gas Co., 138 Pa. 576 ; Galey v. Kellerman, 123 Pa. 491.

OPINION BY MR. CHIEF JUSTICE PAXSON, January 3, 1893 :

This was an appeal from the decree of the court below refusing to continue a preliminary injunction, and in dissolving the same.

We will not, under our rule, discuss the merits. It is suffi-

cient to say that under the circumstances we think it was er ror to dissolve the injunction. It should stand until final hearing.

The decree is reversed at the costs of the appellee, and it is ordered that the injunction be reinstated until final hearing.

See also the next case.

[Marked to be reported.]

*Oil lease—Forfeiture—Preliminary injunction.*

