GEORGE HORNUNG, APPELLEE, V. O. A. HERRING ET AL.,
APPELLANTS.

FILED OCTOBER 5, 1905.   No. 13,926.

Injunction: REPEATED TRESPASS. A court of equity will interfere by injunction to restrain repeated acts of trespass, such as the forcible entry of a dwelling-house by breaking or removing locks from the doors, the forcible removal of fastenings from gates, and assaults upon those in possession; and in such case it is unnecessary to prove that the trespassing parties are insolvent.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. Affirmed.

George A. Adams and G. W. Berge, for appellants.

G. E. Hager, contra.

JACKSON, C.

The plaintiff obtained a permanent injunction in the district court for Lancaster county, restraining the defendants from entering upon or trespassing on a tract of farm land in that county, and from entering or attempting to enter the residence of the plaintiff on the premises, and from interfering with the plaintiff in his occupation thereof. The defendants appeal.

In an amended petition plaintiff claimed possession and the right of possession under a written lease from Emma Simon, the owner of the land; that he entered into the possession thereof on the 13th day of February, 1904; that the land was inclosed by a barbed wire fence, and that on the land were several small buildings, including a dwelling-house where the plaintiff lived; that on the 1st day of March, 1904, the defendants forcibly and unlawfully entered upon the premises and commenced to farm the land; that the plaintiff forbade them to enter and ordered them to vacate and leave the premises, but the defendants violently and unlawfully assaulted the

plaintiff, his agents and servants, and unlawfully and forcibly broke open the doors to the dwelling-house occupied by the plaintiff and placed some of their own goods in the house, and forcibly tried to put the plaintiff off of the premises and out of the possession of the same, and out of the dwelling-house; and threatened the plaintiff with bodily harm. That again, on the 2d day of March, the defendants came to the premises, and, after being for-bidden by the plaintiff to enter thereon, the defendants forcibly assaulted the plaintiff, his agents and servants, and broke open the gate and entered the premises; that they used vile, profane and indecent language, and threatened to do great bodily harm to the plaintiff, his agents and servants; and that they proposed to farm the land, and that they would come each day and take like possession of the premises. Plaintiff further alleged, unless the defendants were restrained by the court, they would continue to forcibly and unlawfully enter the premises and d.. great and irreparable injury to the plaintiff. Attached the petition was a copy of a written lease of the premises from March 1, 1904, to March 1, 1905. The defendants answered, claiming that the defendant O. A. Herring was the owner of the premises by virtue of a written contract with Emma Simon, entered into on the 27th day of November, 1903, wherein Emma Simon agreed to sell and convey to Herring the land in controversy for the sum of $5,600, to be paid, $500 on March 1, 1904, and $500 on the 1st day of March of each year thereafter until the 1st day of March, 1909, when the balance remaining unpaid was to be paid in full; that by the terms of the contract defendant Herring was to have possession of the premises on March 1, 1904; and alleged a tender of the sum of $500 to meet the payment due on March 1, 1904; that the contract was filed and recorded in the office of the register of deeds of Lancaster county on the 16th day of January, 1904; that the said Emma Simon refused to accept the payment tendered by said defendant; that he had kept and performed on his part all of the conditions and provisions

of the contract, and was still willing to perform the same. They denied that the plaintiff was in possession of the premises, and alleged that he lived with his grandmother on a farm about a mile distant from the land in dispute; further alleged that on the 1st day of March, 1904, they went to the premises with a load of furniture and placed the same in the house, and commenced farming the land; that they remained in possession for the period of two days, and during all that time neither the plaintiff nor any member of his family were living on the premises. They further alleged that the lease to the plaintiff was executed and received by him with knowledge of the defendants' rights, and that the plaintiff took no right thereunder. There was a trial to the court upon affidavits and oral evidence, and a finding and judgment for the plaintiff, as above stated.

The appellants insist that the evidence is not sufficient under the law to sustain a judgment. It would serve no useful purpose to quote from the testimony at length. There is competent evidence in the record tending to establish these facts: That on the 16th day of February, 1904, the plaintiff moved household goods into the dwelling-house on the land in dispute, repaired the barn on the premises, and hauled and stored there feed for his horses; that on the 1st day of March, 1904, while the plaintiff was temporarily absent from the premises, and while the premises were in charge of his brother, the defendant O. A. Herring entered upon the farm and demanded possession, which was refused; that he forcibly took off the locks and fastenings from the door of the dwelling-house and from the gate, and placed other locks thereon; and that upon the plaintiff's return he undertook to persuade the defendants to leave, and notified them to leave, and that they did leave; that on the following day the defendants again appeared while the plaintiff was preparing his breakfast in the dwelling-house; that the plaintiff forbade them entering upon the premises; that they forcibly opened the gate and threatened to assault the plaintiff, stating that

they proposed to come each day and take possession of and farm the land. This defendant also served a written notice on the plaintiff to vacate the premises. The evidence produced on behalf of the defendants tended to contradict in some respects the evidence of the plaintiff and his witnesses. Upon a careful consideration, however, of all of the evidence, we are satisfied that, in the main, the facts are as claimed by the plaintiff.

It is also contended that, because the evidence does not disclose that the defendants are insolvent, the injunction should not have been allowed. In *Pohlman v. Evangelical Lutheran Trinity Church,* 60 Neb. 364, it was held:

"The destruction of a fence, and threatened repetition thereof by a trespasser as often as the fence should be replaced, entitles the owner to relief by injunction against the invader, even though the latter may not be insolvent."

The rule in that case is applicable to the case now under consideration.

A court of equity will interfere to restrain repeated acts of trespass, because the remedy by action at law is not adequate, as it would require the injured party to bring such an action every time the injury was repeated. *Shaffer v. Stull,* 32 Neb. 94.

We are satisfied that the judgment of the district court was right, and recommend that it be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.