STANDARD OIL COMPANY, APPELLANT, V. JAMES O'HARE, APPELLEE.

FILED DECEMBER 11, 1931. No. 27929.

*William H. Herdman* and *Cook & Cook,* for appellant.

*Joseph E. Daly, contra.*

Heard before ROSE, GOOD, DAY and PAINE, JJ., and BEGLEY, District Judge.

BEGLEY, District Judge.

The appellant, being the plaintiff, filed its petition in the court below, praying that the appellee be enjoined from entering and trespassing on premises consisting of an oil station, during the plaintiff's lease, and from obstructing or resisting plaintiff's possession of said premises, and from interfering with or resisting plaintiff in operating its filling station, in carrying on its business on said premises. The court entered an order for a hearing on application for a temporary injunction and issued a restraining order pending said hearing. A hearing was had on the application for a temporary injunction, each party thereto filing affidavits. The appellee filed an affidavit alleging a defense to the petition, and alleging that the court had no jurisdiction of the subject-matter of the action, that the petition does not state facts sufficient to constitute a cause of action, and that the appellant has an adequate remedy at law. The court on the hearing denied a temporary injunction and considered the affidavit of the appellee as containing a demurrer and dismissed the petition of

the appellant on the ground that appellant had an adequate remedy at law.

The sole question for determination is the sufficiency of the petition to state a cause of action for equitable relief against the appellee. The petition, omitting formal allegations, is as follows:

"2. That on or about March 14th, 1930, the defendant, James O'Hare, and W. H. Byrne entered into a certain written lease with this plaintiff whereby they leased to plaintiff for the term of five years, beginning July 1, 1930, lot five, in block fifty-one, City of North Bend, Nebraska; that exhibit 'A' hereto attached and made a part hereof is a true and correct copy of said lease; that said lease was duly filed of record in the office of the register of deeds of Dodge county, Nebraska, at 8:40 a. m., March 26th, 1930, and recorded on page 505 in Book 'K,' of the Miscellaneous Records in said office.

"3. That pursuant to the requirements and stipulations of said lease, the said defendant, O'Hare, and Byrne erected a service station building with all necessary driveways on said demised premises, and completed the same about September 1st, 1930.

"4. That at the time of the execution and delivery of the aforesaid lease, plaintiff and said W. H. Byrne entered into a written contract whereby plaintiff appointed said W. H. Byrne as its agent to operate for it the filling station on said demised premises; that exhibit 'B' hereto attached and made a part hereof is a true and correct copy of such agency agreement.

"5. That on the completion of said service station building as aforesaid, to wit, on or about September 1st, 1930, this plaintiff entered into possession of said demised premises and service station building, placed therein a stock of merchandise consisting of gasoline, lubricating oils and greases, and installed therein as its agent to operate and manage said service station and carry on plaintiff's business therein and thereat the said W. H. Byrne, who continued to act as such agent of this plaintiff, and to operate

its said station and carry on its said business on said demised premises until about February ———, 1931; that on February 11th, 1931, said W. H. Byrne sold and conveyed all of his right, title and interest in said demised premises to the defendant herein, said deed being duly recorded on February 12th, 1931, in the office of the register of deeds of Dodge county, Nebraska, at page 182, Book of Deeds 67, of the records of said office.

"6. That on the sale and conveyance by said Byrne to O'Hare of his interest in said demised premises as aforesaid, said defendant, under arrangement and agreement with this plaintiff, became and acted as plaintiff's agent in the operation of said service station and in carrying on of plaintiff's business therein and thereat, and during all the times herein mentioned this plaintiff not only placed the initial stock of merchandise in said station, but has from time to time replenished the same and kept said station at all times supplied with an adequate stock of merchandise, consisting of gasoline, lubricating oils and greases, and during all said time both the said Byrne and the defendant herein accounted as agent to this plaintiff for merchandise sold at said service station in strict accordance with the terms of the agency agreement, exhibit 'B' of this petition; that plaintiff's business at said service station is a going business and profitable to this plaintiff.

"7. That this plaintiff has at all times promptly paid the rent according to the terms of said lease, and in strict conformity with the terms thereof, and this plaintiff has at all times paid to said Byrne, while he was acting as plaintiff's agent at said station, and to said defendant during the time he has been acting as agent for this plaintiff, the commissions earned under the said agency agreement.

"8. That said defendant, James O'Hare, heretofore advised and notified this plaintiff that after March 9th, 1930, he would not recognize the aforesaid lease to this plaintiff or continue to act as the agent of this plaintiff in the operation of said filling station and carrying on of plain-

tiff's business therein, and that he repudiated said lease and said agency agreement, and after said date would operate said station in his own behalf and carry on business therein in his own behalf; that thereupon, about two o'clock p. m. on March 9th, 1931, at North Bend, Nebraska, and in and on the aforesaid demised premises, this plaintiff notified said defendant that plaintiff terminated the agency agreement existing between plaintiff and defendant and discharged said defendant as its agent and demanded that said defendant deliver said station and appurtenances an all the equipment thereon or connected therewith, and merchandise consisting of gasoline, lubricating oils and greases to the plaintiff, said demand being in writing, and exhibit 'C' hereto attached and made a part hereof is a true and correct copy of the demand so made; that said defendant refused to comply with said demand and refused to deliver possession of said station, appurtenances, equipment and merchandise to plaintiff.

"9. That plaintiff's leasehold in said premises, by reason of its location on the Lincoln Highway, is of great value and plaintiff's business as carried on therein is a large and profitable business and of great value; that defendant's actions constitute a trespass and a continuing trespass on plaintiff's leasehold estate; and plaintiff's said leasehold estate and plaintiff's said business will be wholly destroyed, to the great damage and loss of this plaintiff, unless said defendant be enjoined and restrained, as hereinafter prayed, from interfering with plaintiff in its possession of said demised premises, and in the operation and carrying on of its said business on said demised premises.

"10. That plaintiff has no adequate remedy at law."

The appellee contends that the affidavit should be considered as an answer and the case considered as having been tried in the lower court, but the lower court held that the affidavit constituted a demurrer against the petition, and we can only consider the question of whether or not appellant has an adequate remedy at law. The merits of the case cannot be considered. *Patterson v. Morehead*, 100 Neb. 760; *City Savings Bank v. Carlon*, 87 Neb. 266.

An adequate remedy at law means a remedy which is plain and complete and as practical and efficient to the ends of justice and its prompt administration as the remedy in equity. *Keplinger v. Woolsey,* 4 Neb. (Unof.) 282; *Lowe v. Prospect Hill Cemetery Ass'n,* 58 Neb. 94; 1 C. J. 1193. Ordinarily, a naked trespass will not be enjoined in equity, but where such trespass is destructive, of the leasehold a remedy is provided in equity. Appellee contends that injunction will not lie because before the filing of the suit he, without the consent and against the will of the appellant, took possession of the premises in question. No one can found possession on a tortious trespass alone; nor can any one acquire a right by the commission of a wrong. *Carter v. Warner,* 2 Neb. (Unof.) 688; *Hornung v. Herring,* 74 Neb. 637; *Heaton v. Wireman,* 74 Neb. 817; *Meyers v. Schmidt,* 103 Neb. 475.

In the case of *Nebraska Wheat Growers Ass'n v. Norquest,* 113 Neb. 731, where plaintiff, a cooperative wheat growers association, brought an action to enjoin the defendant from violating his contract and refusing to deliver wheat thereunder, it was held that owing to the particular nature of the plaintiff organization no adequate remedy at law prevailed and the injunction was granted.

In *Roanoke Marble & Granite Co. v. Standard Gas & Oil Supply Co.,* 155 Va. 249, wherein, under a lease similar to the one in this case, it was sought to enjoin the removal of an underground oil tank from the premises and there was a claim of an adequate remedy at law, the court held: "When bill states facts showing threatened trespass which will result in irreparable damage, or which is destructive to the inheritance or that which gives it chief value, injunction will be granted, notwithstanding dispute or pending litigation as to title."

It needs no argument to show that a remedy at law would not afford appellant as complete, prompt and efficient a remedy for the destruction of its business and the personal property therein contained, or the loss of its going business, as would be furnished by a court of equity

in preventing such an injury. Any defense which the appellee may have to the petition must be pleaded.

The decree of the lower court is therefore reversed and the cause remanded to the district court.

REVERSED.