## SMITH v. SINCLAIR REFINING CO.
### No. 13004.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 12, 1934.

Rehearing Denied Nov. 30, 1934.

Willis & West, of Dallas, for appellant.

Roy T. Osborn, of New York City, and V. R. Tomlinson and Cantey, Hanger & McMahon, all of Fort Worth, for appellee.

LATTIMORE, Justice.

This is an appeal from a judgment quieting the possession and title of appellee in a filling station and making permanent a temporary injunction restraining appellant from interfering with such possession and operation.

Appellee is the owner of a lease on which it has installed equipment for and operates a filling station for gasolene and motor vehicle supplies. It employed appellant to conduct for it that station, appellant receiving as pay a commission on all sales. The contract between appellant and appellee was terminable at will. Appellee terminated the contract, and appellant declined to leave the premises or to allow any of appellee's representatives to come into and operate the station. Appellee thereupon procured a temporary injunction restraining such interference by appellant and requiring him to surrender possession to appellee. Appellant moved to dissolve that injunction and was overruled. The trial on the merits came on later. Appellant conceded there, and concedes here, that he had no right at the time the suit was filed, or since, to exercise any control over the lease or the filling station or its business, and makes no attack on the judgment of the trial court, except that injunction was not an available remedy in this controversy.

Appellee alleged in its original petition that appellant excluded appellee from the station by force and threats. The petition was sworn to, and those facts have not been denied by any one other than the general denial in appellant's answer. The trial court believed them, and we accept his findings thereon. The appellee was at all times operating the station, operating it through appellant as agent. When appellant ceased to be such agent, he sought to interrupt the operation of the station by appellee. In his new capacity he sought to enter on and take from appellee by force the latter's occupancy and operation of that station. In an effort to maintain the status of the business on that lease, appellee sought an injunction. Mitchell v. Burnett, 57 Tex. Civ. App. 124, 122 S. W. 937; Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994. It is true the court could have omitted the permanent injunction from the final decree, relying upon the disclaimer of appellant, and could even have thereon dismissed the suit at the cost of appellant, and such omission or dismissal would not show that the injunction was wrongful. It ofttimes happens that the complete relief sought is obtained by the temporary writ. City Central

Bank & Trust Co. v. Jackson (Tex. Civ. App.) 45 S.W.(2d) 433; Hudspeth v. Guggenheim (Tex. Civ. App.) 12 S.W.(2d) 238. However, no harm is done if the court enters the judgment which the merits of the controversy and the evidence before him justify. Parks v. O'Connor, 70 Tex. 377, 8 S. W. 104; Hudspeth Case, supra. It will serve no useful purpose to rehearse the numerous other authorities which justify injunctions to restrain a trespass by force and to restrain unlawful interference with an established business. In other states are several identical fact cases such as Standard Oil Co. v. O'Hare, 122 Neb. 89, 239 N. W. 467; Shell Petroleum Corp. v. Ford, 255 Mich. 105, 237 N. W. 378, 83 A. L. R. 1413; Mackensie v. Minis, 132 Ga. 323, 63 S. E. 900, 23 L. R. A. (N. S.) 1003, 16 Ann. Cas. 723.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

LATTIMORE, Justice.

Our original opinion must be corrected if it conveys the meaning that the trial court had before him, on the merits, only the petition to show threats or force by the appellant. The statement of facts is before us as well as the disclaimer of appellant to any right to the premises. The appellant contended below that the case was moot and should be dismissed. Force, as used in the law of entry and detainer, includes such a display of physical power as is reasonably calculated to inspire fear of physical harm to those who seek to oppose the possession of the premises by the trespasser. Actual physical combat is not necessary. We think the record justifies the trial court's conclusions on either ground stated in the opinion.

Motion for rehearing overruled.