## Atlantic Refining Company v. Colley et ux.

*Thomas B. Miller*, for plaintiff.

*R. L. Coughlin*, for defendants.

VALENTINE, J., April 9, 1938. — Defendant, Will H. Colley, is the owner of certain real estate situate on Market Street, Kingston Borough, Luzerne County, Pa. By written lease dated April 1, 1933, Colley and his wife leased said plot of ground to plaintiff, the Atlantic Refining Company, for the term and period of 10 years from April 15, 1933. The rental provided for in the lease was "a sum equivalent to one cent per gallon on the total number of gallons of Atlantic White Flash and motor fuel sold upon said premises by the lessee, or its subtenants or tenants". The lease further provided that one half the rental due under it should be applied by the lessee against the repayment of a loan of $3,500 made by the lessee to the lessors and secured by bond and mortgage on the leased premises. Pursuant to the authoriza-

tion contained in the lease, the lessee equipped said premises as a gasoline station and, by written agreement, constituted Colley its representative for the purpose of managing said station. On February 28, 1938, counsel for defendant sent to plaintiff company a communication reading as follows:

"Atlantic Refining Company,
"S. Pennsylvania Ave.,
"Wilkes-Barre, Pa.
"Attention: George Wear.      In Re: Will H. Colley.
"Gentlemen:

"You are hereby notified that all contracts of whatsoever nature with Mr. Colley relating to the gasoline station located at No. 620 Market Street, Kingston, are terminated. Any personal property to which you are entitled should be removed within seventy-two hours from the receipt of this notice. Otherwise, it will be removed at your expense unless some arrangement to purchase the same is made. You are no doubt aware that you have insisted upon refusing to deliver your products to Mr. Colley in accordance with his agreements, as well as generally violating the terms thereof. This is not only a violation of your contractual relationship, but a positive discrimination under what Mr. Colley conceives to be his legal position.

                              "Very truly yours,"

Thereafter Colley began the removal of the gasoline tanks and equipment which the lessee had installed on the leased premises. Whereupon plaintiff filed its bill in equity, and a preliminary injunction was granted restraining defendants from removing the equipment or otherwise interfering with the possession of plaintiff as lessee.

The contention of defendants is that the lease was properly terminated by the action of the lessor, and that in any event the acts of the lessor amounted to an eviction of plaintiff from the leased premises prior to the filing of the

bill, and that the effort of plaintiff is, in effect, to be restored to possession, which relief cannot be procured by injunction.

We see no analogy between the present case and the case of Minnich v. Kauffman, 265 Pa. 321, relied upon by defendants' counsel. In the cited case, the question of jurisdiction of equity was raised in limine as provided for by the Act of June 7, 1907, P. L. 440, and the bill was certified to the law side of the court. In that case the bill alleged the complete eviction of plaintiff and his employes from the leased premises by order of the landlord, and the locking of the buildings so that there could be no re-entry by plaintiff or his agents. In the present case, the bill, in effect, alleges the possession of the premises by plaintiff pursuant to the lease between the parties, and an interference by defendants with plaintiff's possession thereunder. That the tenant's use and occupancy of the whole, or at least a material part, of the demised premises has been interfered with by the intentional acts of the owner cannot be doubted. However, we do not think that the owner can oust the jurisdiction of a court of equity by asserting that his unlawful acts must be treated by plaintiff as constituting an eviction where, as here, plaintiff has not removed from the premises but asserts its possession of the same under a lease with defendants, which plaintiff regards as being in force, notwithstanding the rule that any interference with the tenant's beneficial enjoyment of the premises is a sufficient eviction to relieve the latter of the obligation to pay rent: Kahn v. Bancamerica-Blair Corp., 327 Pa. 209.

In Tiley v. Moyers, 43 Pa. 404, Woodward, J., defined eviction as "an actual expulsion of the lessee out of all or some part of the demised premises." And in Kahn v. Bancamerica-Blair Corp., supra, Mr. Justice Schaffer, citing 36 C. J. 256, said at page 212:

" 'In order to constitute an eviction, however, there must be either an actual expulsion of the tenant or some act or omission of the landlord of an intentional and per-

manent character operating to deprive the tenant of the beneficial use or enjoyment of the demised premises or of some substantial part thereof.' "

Here the tenant has refused to treat the acts of the landlord as amounting to an eviction. It does not seek to avoid the payment of the rent. The tenant has not been dispossessed nor has it abandoned the premises because of the landlord's acts.

It has been said that there is no eviction if the tenant continues in possession, however much he may be disturbed in the beneficial use and enjoyment of the premises: 36 C. J. sec. 982, pp. 256, 257, and that there can be no constructive eviction unless the tenant abandons the premises on account of the acts or circumstances claimed to operate as an eviction: 36 C. J. 263, sec. 990; Horberg v. May, 153 Pa. 216. See also Harper & Brother Co. v. Jackson, 240 Pa. 312. We do not think that the landlord can require the tenant, who takes the position that the lease is in force, and who is willing to continue to pay rent, to treat his acts as constituting an eviction and thus force the tenant to give up its rights under the lease and to resort to a suit at law. While Colley was the owner of the fee of the premises in dispute, he owned the fee subject to the rights acquired by plaintiff under the lease of April 1, 1933. His occupancy of the leased premises on February 28, 1938, at the time his counsel wrote to plaintiff advising it that the lease had been terminated and that its pumps should be removed, was not as owner, but rather as employe or representative of the lessee. The position of a lessee would be most precarious if, under the circumstances here presented, the owner of the leased premises could deprive a lessee of possession by asserting that he (the owner) held possession as such and advising the lessee that the lease was cancelled or no longer in force. The fact that Colley asserted that the possession of the premises in question was held by him as owner rather than as the representative of the lessee, and committed acts which the lessee might perhaps treat as an

eviction and which would suspend the rent, does not deprive a court of equity of jurisdiction.

In Standard Oil Co. v. O'Hare, 122 Neb. 89, 239 N. W. 467, at page 93, it is said:

"Ordinarily, a naked trespass will not be enjoined in equity, but where such trespass is destructive of the leasehold a remedy is provided in equity. Appellee contends that injunction will not lie because before the filing of the suit he, without the consent and against the will of the appellant, took possession of the premises in question. No one can found possession on a tortious trespass alone; nor can any one acquire a right by the commission of a wrong."

In Shell Petroleum Corp. v. Ford, 255 Mich. 105, 237 N. W. 378, it was held that the lessee of premises used as an oil station was entitled to an injunction restraining the cancellation of the lease by the lessor although the employment of the latter as superintendent of the station had been terminated by the lessee.

In Smith v. Sinclair Refining Co. (Court of Civil Appeals of Texas, 1934), 77 S. W. (2d) 894, it appeared that the refining company was operating a gasoline station through Smith as agent; that the company terminated the contract under which Smith was employed and that the latter declined to leave the premises or allow the company's representatives to come in and operate the station. It was held that an injunction would lie to restrain the former employe from interfering with the business of the company.

Moreover equity jurisdiction should be sustained in the present case because it is apparent that any loss that plaintiff might suffer by reason of its inability to operate the gasoline station due to the alleged illegal acts of defendant could not be measured and, therefore, no remedy at law could be adequate: Greensboro Natural Gas Co. v. Fayette County Gas Co., 200 Pa. 388, 392; Shell Petroleum Corp. v. Ford, supra.

Here the lessor asserts that the lessee has forfeited its rights under the lease. The right of the lessor to declare a forfeiture and reënter the leased premises is disputed by the lessee and, under the circumstances, we think it clear that the status quo should be maintained and the injunction heretofore granted continued until final hearing: Poterie Gas Co. v. Poterie, 153 Pa. 10.

Preliminary injunction heretofore granted is continued until further order.