GEORGE WASSERBURGER ET AL., APPELLEES AND CROSS-APPELLANTS, V. BILL B. COFFEE ET AL., APPELLANTS AND CROSS-APPELLEES, GERTRUDE QUINTARD ET AL., INTERVENERS-APPELLEES AND CROSS-APPELLANTS.

144 N. W. 2d 209

Filed July 15, 1966. No. 36049.

Neighbors & Danielson, for appellants.

Atkins, Ferguson & Nichols, for appellees and interveners-appellees.

R. O. Canaday and Wilber S. Aten, for amicus curiae.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

McCOWN, J.

On rehearing, we adhere to our original opinion except for its application to the lands of S. C. Turnbull.

The judgment of the district court contained a specific finding and description of all lands as to which receiver's entry receipts were dated prior to March 27, 1889. It did not include any land of S. C. Turnbull. The memorandum opinion found that as to the remainder of the lands of plaintiffs not described, dates of entry are either missing or subsequent to March 27, 1889. The findings in the memorandum opinion, however, were specifically based on exhibit 13 and that exhibit shows

a receiver's receipt for the east half of the northwest quarter and the east half of the southwest quarter of Section 22, Township 35 North, Range 54 West, dated 2-7-89. This was one of the tracts owned by Turnbull, and obviously was prior to March 27, 1889.

The judgment does not state any reason for excluding this Turnbull land other than that it was not severed from the public domain prior to March 27, 1889. However, Turnbull did not testify. There was no specific evidence as to the number of his livestock, nor the extent of his particular right to an injunction, although there is nothing to indicate that his lands were different than the others. Our original opinion also determines the critical effective date for the severance from the public domain to be April 4, 1895, rather than March 27, 1889, and Turnbull, as well as other plaintiffs, is affected by this change in date. It is impossible to determine from the record whether or not the omission of this Turnbull land from the judgment was an oversight.

In view of the circumstances, the nature of the action, and the interrelationship of the rights of the several plaintiffs, that part of our original opinion holding that the district court correctly denied injunctive relief as to all lands owned by S. C. Turnbull is withdrawn. As to his lands, the cause is remanded with authority to amplify the findings of the original judgment if the omission of the description of the one Turnbull tract was correct and deliberate; or otherwise, for further proceedings consistent with our original opinion if the omission was an oversight.

ORIGINAL OPINION ADHERED TO AS MODIFIED.