CENTRAL NEBRASKA BROADCASTING CO., INC., A NEBRASKA CORPORATION, APPELLANT, V. HEARTLAND RADIO, INC., A NEBRASKA CORPORATION, ET AL., APPELLEES.

560 N.W.2d 770

Filed March 7, 1997.   No. S-95-374.

Jack W. Besse, of Knapp, Fangmeyer, Aschwege & Besse, for appellant.

Larry Beucke, of Parker, Grossart, Bahensky & Beucke, and Clifford F. Mesner, of Mesner & Mesner, for appellees Heartland Radio and Fant Broadcasting Co.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ., and COADY, D.J.

CAPORALE, J.

The plaintiff-appellant, Central Nebraska Broadcasting Co., Inc., seeks to permanently enjoin the defendant-appellee Heartland Radio, Inc., from placing a broadcast antenna on a tower owned by the defendant-appellee Fant Broadcasting Company of Nebraska, Inc. Following the dissolution of a temporary restraining order and the denial of a temporary injunction, the district court sustained the joint motion for summary judgment filed by Heartland Radio and Fant Broadcasting, and thereby dismissed Central Nebraska's petition. Central Nebraska appealed to the Nebraska Court of Appeals, asserting, in summary, that the district court erred in (1) refusing to receive certain evidence and (2) dismissing its petition. Under our authority to regulate the caseload of this court and that of the Court of Appeals, we, on our own motion, removed the matter to our docket. We now affirm.

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as

to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Slagle v. J.P. Theisen & Sons, ante* p. 904, 560 N.W.2d 758 (1997). To the extent questions of law are involved, an appellate court reaches a conclusion independent of the lower court's ruling. *PSB Credit Servs. v. Rich, ante* p. 474, 558 N.W.2d 295 (1997).

Central Nebraska owns and operates a radio station at Kearney, in connection with which it rents space on a tower owned by Fant Broadcasting and on which Central Nebraska houses a broadcasting antenna. Heartland Radio wishes to place an antenna on the same tower and at the same height as Central Nebraska's antenna, but on a different leg of the tower.

Central Nebraska's expert, a structural engineer engaged in the analysis and design of broadcast towers, is of the view that the tower is already overloaded and that placing the proposed antenna on it would create an imminent danger of structural failure in the sense that if the tower were subjected to an 85-mile-per-hour wind, a once-in-50-years occurrence, blowing from the most critical direction and the tower were encrusted with one-half inch of ice, the tower would fall.

In order to determine whether a material issue of fact exists in the instant case, it is necessary to review the requirements for obtaining a permanent injunction. As an injunction is an extraordinary remedy, it ordinarily should not be granted except in a clear case where there is actual and substantial injury. *Ben Simon's, Inc. v. Lincoln Joint-Venture*, 248 Neb. 465, 535 N.W.2d 712 (1995). Stated otherwise, injunctive relief should not be granted unless the right is clear, the damage is irreparable, and the remedy at law is inadequate to prevent a failure of justice. *Id.* As an injunction is an extraordinary remedy, it is available in the absence of an adequate remedy at law and where there is a real and imminent danger of irreparable injury. *Otey v. State*, 240 Neb. 813, 485 N.W.2d 153 (1992); *Mueller v. Union Pacific Railroad*, 220 Neb. 742, 371 N.W.2d 732 (1985); *Grein v. Board of Education*, 216 Neb. 158, 343 N.W.2d 718 (1984).

With those rules in mind, we turn to the first assignment of error, in which Central Nebraska claims that the district court

erred by refusing to permit its general manager to testify that he recently saw evidence of people occupying a house located 50 to 75 yards from the tower.

In making that claim, Central Nebraska refers us to *Wasserburger v. Coffee*, 180 Neb. 149, 162, 141 N.W.2d 738, 747 (1966), *modified on reh'g on other grounds* 180 Neb. 569, 144 N.W.2d 209, citing *McCubbin v. Village of Gretna*, 174 Neb. 139, 116 N.W.2d 287 (1962), in which we wrote:

> The appropriateness of injunction against tort depends upon a comparative appraisal of all factors in a case, some of the primary factors being the following: (1) The character of the interest to be protected; (2) the public interest; (3) the relative adequacy to the plaintiff of injunction and of other remedies; and (4) the relative hardship likely to result to defendant if injunction is granted and to plaintiff if it is denied.

However, the instant case does not deal with an injunction against tort. In *Wasserburger*, the plaintiffs sought to enjoin the defendants from overappropriating a stream, causing interference with the plaintiff's use. In *McCubbin*, the plaintiff sought to enjoin the defendant from discharging sewage across his land, causing a swampy condition on the plaintiff's land. In the instant case, no tort is presently occurring, nor will a tort occur upon the placement of Heartland Radio's antenna on the tower. At best, it will cause Central Nebraska apprehension of a possible future injury.

Thus, *Wasserburger* is inapposite. That a house near the tower is or is not inhabited is irrelevant to the issues involved in determining whether Central Nebraska has established its right to injunctive relief.

That brings us to the second and last assignment of error, in which Central Nebraska asserts that the district court erred in granting the joint motion for summary judgment filed by Heartland Radio and Fant Broadcasting and thereby dismissing Central Nebraska's petition. In this regard, Central Nebraska argues that its damages in the form of the possible loss of good will, dependability, business momentum, reputation, staff morale, key staff, advertiser loyalty, and listener loyalty cannot be quantified, and, thus, its potential damages are irreparable in the sense that they cannot be adequately compensated at law.

Even assuming, but not deciding, that the testimony of Central Nebraska's expert establishes that adding the antenna proposed by Heartland Radio would present an imminent danger, the question remains as to whether the record raises a question of material fact as to whether any resulting injury would be irreparable. More than a century ago, we wrote that an injury may be said to be irreparable when it is of such a character or nature that the party injured cannot be adequately compensated therefor in damages, or when the damages which may result therefrom cannot be measured by any certain pecuniary standard, or it is shown that the party who must respond is insolvent and for that reason incapable of responding in damages. *Eidemiller Ice Co. v. Guthrie*, 42 Neb. 238, 60 N.W. 717 (1894) (reversing injunction granted owner of icehouse preventing mill-owners from interfering with flow of water on ground icehouse owner could be compensated by damages).

We have also written that an adequate remedy at law means a remedy which is plain and complete and as practical and efficient to the ends of justice and its prompt administration as the remedy in equity. *Standard Oil Co. v. O'Hare*, 122 Neb. 89, 239 N.W. 467 (1931).

All of the injuries Central Nebraska postulates would ultimately result in a potential reduction in advertising income. As its general manager noted, gain in income is a result of the gain in its reputation. Reputation and good will will affect the number of listeners, and the number of listeners directly affects the amount that Central Nebraska can charge per advertisement. Likewise, advertiser confidence in Central Nebraska's ability to stay on the air will also affect the amount that it is able to charge for advertising. In short, all of the injuries Central Nebraska envisions would result in a loss of income and thus in a loss of profits.

The legal reality is that when properly proved, lost profits are compensable in actions at law. E.g., *Diesel Service, Inc. v. Accessory Sales, Inc.*, 210 Neb. 797, 317 N.W.2d 719 (1982) (prospective profits from established business, prevented or interrupted by tortious conduct, recoverable when reasonably certain to have been realized except for tort and when lost profits can be ascertained and measured with reasonable certainty);

*Alliance Tractor & Implement Co. v. Lukens Tool & Die Co.*, 204 Neb. 248, 281 N.W.2d 778 (1979) (lost profits from business may be recovered if evidence shows with reasonable certainty both occurrence and extent thereof); *El Fredo Pizza, Inc. v. Roto-Flex Oven Co.*, 199 Neb. 697, 261 N.W.2d 358 (1978) (even in case of new business venture, where evidence available to furnish reasonably certain factual basis for computation of probable losses, recovery of lost profits cannot be denied).

That being so and Central Nebraska not having established that either Heartland Radio or Fant Broadcasting is insolvent, it cannot be said that Central Nebraska has no adequate remedy at law. Heartland Radio and Fant Broadcasting were thus entitled to judgment as a matter of law.

Accordingly, as noted in the first paragraph of this opinion, the judgment of the district court is affirmed.

AFFIRMED.